MILL FACTORS CORPORATION, A CORPORATION, APPELLANT, v. IMHOFF BERG SILK DYEING COMPANY, A CORPORATION, RESPONDENT.

Argued October 28, 1930—Decided February 2, 1931.

For the appellant, *Bilder & Bilder* (*Walter J. Bilder*, of counsel).

For the respondent, *Evans, Smith & Evans* (*John F. Evans*, of counsel).

The opinion of the court was delivered by

TRENCHARD, J. This was an action in replevin, brought by the Mill Factors Corporation against the Imhoff Berg Silk Dyeing Company to recover possession of one hundred and five pieces of silk goods.

At the trial both parties moved for a directed verdict. The judge denied the plaintiff's motion and directed a verdict for the defendant.

At the time of such direction there was presented, without substantial dispute, this situation: The owner of these goods was the Paramount Fabrics Corporation (hereinafter sometimes referred to as the Paramount Company). That company was engaged in the business of selling silks, but was not a manufacturer. In accordance with an arrangement between it and the Imhoff Berg Silk Dyeing Company (hereinafter sometimes referred to as the Dyeing Company), it directed the manufacturers of the silk, whom it employed in such manufacture, to ship the goods to the Dyeing Company, to be dyed by the latter. The goods involved in the present litigation were shipped by the manufacturers thereof, at the direction of the Paramount Company, to the Dyeing Company to be dyed. The Mill Factors Corporation had advanced to the Paramount Company considerable money from time to time, and claims that, to secure the payment of that money the latter company pledged the goods to the Mill Factors Corporation. The evidence showed conclusively that this al-

leged pledge was made after the goods had been shipped by the various manufacturers to the Dyeing Company; and we have not found it necessary to consider whether or not there was such a change of possession as is essential to a valid pledge.

In this suit and at the trial the Mill Factors Corporation, the plaintiff, claimed that by reason of this alleged pledge, it was entitled to the possession of the goods, and that this right was paramount to the lien of the Dyeing Company, the defendant. On the other hand, the defendant claimed that it had a lien upon the goods by virtue of the Processors' Lien act for the amount of the unpaid account of the owner for dyeing in the sum of $1,535.76, which lien was prior in point of time and paramount in law to any interest of the plaintiff, and hence had a right to retain the possession of the goods in dispute.

The trial judge directed a verdict for the defendant company upon the theory that by virtue of the Processors' Lien act its lien was superior to the rights acquired by the plaintiff.

We think that was right.

The Processors' Lien act (*Pamph. L. 1926, p. 479*) declares that "all persons or corporations engaged in the business of * * * dyeing * * * silk * * * shall be entitled to a lien upon the goods or property of others that may come or may have come into their possessions for the purpose of being * * * dyed * * * for the amount that may be due to them from the owners of such * * * silk * * * by reason of any work or labor performed or material furnished in and about the * * * dyeing * * * or otherwise treating or processing the same or other goods of such owner or owners."

Now, as we have seen the manufacturers who made the goods for the Paramount Company, delivered them to the Dyeing Company in compliance with the order of the Paramount Company. The evidence showed that when these goods were delivered to the Dyeing Company the Paramount Company was notified of that fact, and the Paramount Company thereupon notified the Dyeing Company that the goods

had been pledged to the Mill Factors Corporation. This information not being received until after the delivery of the goods to the Dyeing Company, we think that the lien of the latter was superior to any right of the pledgee, the dyer's lien springing into existence immediately upon delivery of the goods.

It is true that, after reception of the notice of the alleged rights of the pledgee, the Dyeing Company notified the pledgee that it would hold the goods for the latter; but this was a mere substitution of the right of possession (if any) of the goods after the dyeing had been completed and the lien created by the statute in favor of the dyer had been discharged.

We find no error in the admission of evidence which was prejudicial to the plaintiff-appellant.

We believe that these observations in effect adequately dispose of every question raised and argued which requires comment.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, HETFIELD, DEAR, WELLS, JJ. 12.

*For reversal*—None.